GEORGE WOODS COMPANY & others *vs.* WILLIAM N. STORER.

Suffolk. Jan. 27. — May 7, 1887. C. ALLEN & HOLMES, JJ., absent.

A. brought an action against a corporation, in which its property was attached, and a bond given to dissolve the attachment. After A. had obtained a verdict in his favor, the sureties on the bond brought a bill in equity alleging the above facts, and that A., while treasurer, gave a false certificate that the capital stock of the corporation had all been paid in, and was liable, under the Pub. Sts. c. 106, § 60, for the debts of the corporation, and that the corporation was insolvent and had no property which could be taken on execution. The bill sought to restrain A. from obtaining judgment against the corporation, and from suing upon the bond. *Held*, on demurrer, that the bill could not be maintained.

W. ALLEN, J. This bill in equity alleges that the defendant brought an action against the plaintiff corporation in the Superior Court for the county of Suffolk, in which the property of the corporation was attached, and that the attachment was dissolved by giving a bond under the statute, in which that corporation is principal, and the other plaintiffs are sureties; that a verdict has been rendered in said action against the corporation;

that the corporation has become insolvent, and has no estate which can be taken on execution; that the defendant is about to proceed to obtain final judgment in said suit, and to enforce the same by action upon the bond; that the defendant was the treasurer of said corporation, and, by reason of having made a false certificate that the capital stock of the corporation had all been paid in, is liable for the debts of the corporation under the provisions of the Pub. Sts. c. 106, § 60. The prayer of the bill is, that the defendant may be restrained from further prosecuting said suit; that any final judgment he may obtain in said suit may be offset by his liability to pay the same; that, upon entry of final judgment in said suit, he may be restrained from enforcing payment of the same; that, when final judgment shall be entered in said suit, it shall be entered as fully satisfied; and for general relief. The bill is demurred to for the cause that it does not state a case for any relief.

It is not suggested that the plaintiff corporation is entitled to any relief; but the other plaintiffs ask that the defendant may be restrained from acquiring and prosecuting a right of action against the corporation, upon the ground that, if acquired and successfully prosecuted, the defendant would thereby become liable to reimburse them the amount they should pay.

The only interest of these plaintiffs is, that they are sureties upon a bond to pay the judgment. The fact that they have a defence to a suit upon the bond, or can establish a set-off in such a suit, surely gives them no right to prevent the defendant from obtaining judgment in the action in which the bond was given. The personal plaintiffs are not parties to that suit, and their liability upon the bond is but one incident of a judgment in it, and the defendant cannot be deprived of this right to a judgment against the corporation because it may be inequitable for him to enforce the liability upon the bond.

The other relief prayed for is in effect a contingent injunction to prevent the defendant, who has no right of action against the plaintiffs, from commencing an action against them if he should acquire the right; and for reasons which are of validity only so far as they show that there would be a defence to such an action.

The St. of 1883, c. 223, § 14, provides that, in actions at law, "the defendant shall be entitled to allege as a defence any facts

that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action, or against a judgment obtained by the plaintiff in such action." If the facts do not show such a defence, they cannot show reason for an injunction against bringing a suit upon an existing cause of action, much less before a cause of action has arisen. If the liability of the defendant to pay the debts of the corporation is of such a nature that it could not be alleged as a defence, either legal or equitable, in an action upon the bond, it is difficult to see how it can afford ground for an injunction against such an action.

These considerations would be enough to dispose of the case, but as the question of the sufficiency of the facts to afford relief to the plaintiffs from liability upon the bond has been argued by the parties, without reference to the form in which it is presented in the bill, we have considered it as if the liability of the plaintiffs upon the bond had been fixed by a judgment against the corporation, and an action commenced to enforce that liability. The objection that the defendant has not obtained judgment is, in fact, somewhat technical, as the bill alleges that he had obtained a verdict, and is about to proceed to obtain final judgment and to enforce it by an action on the bond.

The plaintiffs contend that a payment on the bond by them to the defendant will create a debt from the corporation to them, for which the defendant will be liable to them; and that it will be inequitable to allow him to compel the payment of money by them the very receipt of which by him will make it his duty to return it to them; that he ought not to be permitted to take money from them at law which becomes equitably theirs by his act in receiving it.

The Pub. Sts. *c.* 106, § 60, provide that the officers of corporations shall be liable for its debts and contracts in certain cases, but the liability thus generally declared is modified by subsequent provisions. Section 62 provides that no officer of a corporation shall be liable for its debts or contracts, unless a judgment is recovered against it, and it neglects to pay or to disclose property for thirty days after demand made on the execution. Section 64 provides that, after execution is returned, any creditor may file a bill in equity, in behalf of himself and all

other creditors of the corporation, against it and all the officers liable for its debts and contracts, for the recovery of sums due from the corporation to himself and the other creditors, for which the officers may be personally liable. This is the only remedy for the right given by the statute, and limits it. It is contended for the plaintiffs that these provisions affect only the remedy to enforce, by action against the officers, a liability that arises when the debt against the corporation is created, and are not applicable when the question is whether it is equitable to allow him, by compelling the defendants to pay a debt of the corporation to him, to create a debt from the corporation to them for which he will be liable to them under the provisions of the statute. But we think that the latter provision of the statute enters into and determines the character of the liability. It does not create a debt to each creditor, but a general liability to all creditors of the class. The statute does not give the plaintiffs a right which they can in any way enforce, except for the equal benefit of other creditors who may seek to enforce their rights.

The plaintiffs further contend, that they are entitled to relief on the ground of the fraud of the defendant in signing the certificate. But this was not fraud towards the plaintiffs more than to all creditors. It was an official act fraudulent towards the public, and from which the general liability of the officer to creditors of the corporation arose. The plaintiffs can claim no rights over other creditors in consequence of it.

*Bill dismissed.*

*T. Weston, Jr.*, for the plaintiffs.
*T. J. Emery*, for the defendant.